## HANNIBAL HODGES *v.* DANIEL P. EDDY.

### *Ejectment.    Estoppel.    Adverse Possession.*

Title acquired by fifteen years adverse possession is as perfect for all purposes as though derived by deed, and no verbal transfer, surrender or declaration, of the person so acquiring the title can have any effect upon it. He can convey it only by deed executed according to the requirements of the statutes.

Nor would the grantee of the premises so acquired be estopped from setting up title thereto, by any verbal admission or agreement of the grantor, made to the defendant, in respect to such premises before the sale to the grantee, of which the grantee had no notice, and the grantor being in possession at the time of the conveyance to the grantee; the defendant being the person against whom the title by adverse possession was acquired.

EJECTMENT. Plea, the general issue. Trial by jury, September term, 1866, Rutland county, STEELE, J., presiding. Verdict for the plaintiff. The controversy was about the division line between the plaintiff's farm and the farm north of it owned by the defendant. Both farms have been occupied since before 1819. Both parties derive title from the same source. The eviction was of a slip of land adjacent to the western eighty rods of the line in question, and the recovery limited thereto. The plaintiff's testimony tended to show that the line he claimed was the original line by the deeds and that he had occupied to it adversely under a claim of ownership from 1819 to 1856, and that for the same period said line had existed a well marked line and had all the while been acquiesced in by the parties and their respective grantors as the true division line. All this, the defendant's testimony tended to show to be otherwise. The jury did not agree upon the question of where the original line of the deeds was, but upon the other two points, found that the land in question was the

plaintiff's, that is, by virtue of fifteen years adverse possession to the line as plaintiff claimed it, and also by virtue of fifteen years acquiescence in said line as the true line by the adjoining proprietors and occupants of said farms. For a full statement of the facts and of the issues thereon, refer to the report of this case in the 38th Vermont Reports.

The only point passed to the supreme court is whether the following state of facts, which the defendant's evidence tended to prove and the plaintiff's to disprove, amounted to an estoppel or to a mere license. On the 28th of March, 1850, the plaintiff's grantor (Silas W. Hodges) called on the defendant's grantor and the defendant, who were both interested in and owned the present farm of the defendant, and professed to have become fearful that the defendant and his grantor; by using an old road across the plaintiff's (then S. W. Hodges) farm one year longer as they had been using it, would acquire, by fifteen years enjoyment, a right of way across the farm; said he had talked with a lawyer about it and he (the lawyer) had informed him that such a right would be acquired in one year more, if things went on in the same way. The said S. W. Hodges had a paper which he wanted signed to prevent this. The defendant's grantor said he was not aware that land could be thus acquired, and said if that was so he ought to look out, for Hodges' fence [on the line as the plaintiff claims it] enclosed some of his land, (referring to the land in dispute). Hodges said he knew the fence was not on the line but when it was rebuilt it should be placed on the line as the papers showed it, that he wanted to get no land by possession, that he had more land than he could take care of without, and he never had claimed any land by possession and never would. The defendant's grantor suggested having a writing from Hodges to that effect, but in reply Hodges said " no, you have proof, your sons and family are here together and have heard what I say. I claim nothing by possession and don't want you to. But I am here alone and want you to sign the paper so I shall have proof." The defendant's grantor and the defendant then signed the paper. The defendant testified among other things, " We agreed with him that if he wouldn't hold any of ours by possession we would sign

his paper," and also "He said his nephew Silas thought we might get it by possession before a great while. It was agreed neither should hold by possession." The defendant had several witnesses to this conversation. The plaintiff introduced none who were present at the conversation, but introduced testimony of acts and declarations of the defendant and his grantors tending to contradict it. The paper which was then signed, dated March 28, 1850, was read in evidence. Upon these facts, if found according to the defendant's testimony, the defendant claimed the plaintiff would be estopped from setting up a title to the land by possession or acquiesence, and requested the court to so instruct the jury. This the court refused, and told the jury that if by occupation or acquiescence his previous possession had been adverse and continuous for fifteen years, and, under the rules of law which the court had properly explained, had ripened into title, he would not be divested of it by this admission, promise and license, but that if his previous possession had not then ripened into title it could not after that. And further the court told the jury that this testimony tended to show that the said Hodges' possession had not ripened into title and that said Hodges' previous occupation was not adverse, and that said line had not been acquiesced in as the division line between the farms. To the refusal of the court to instruct the jury according to the request, and to the charge so far as it differed therefrom, the defendant excepted.

The paper referred to was as follows :

"Whereas, as the undersigned have been permitted by Silas W. Hodges, to pass and repass across his, the said Hodges' land southerly from our dwellings to our land lying on the hill in the west part of our farms : Now we hereby agree and certify to any, and all who are or may hereafter be concerned, that we have no legal right to the privilege, but have enjoyed the same by the consent of said Hodges as a gratuity on his part, which he has a right to withhold at any time he pleases.

"Given under our hands this 28th day of March, A. D. 1850.

PELEG EDDY,<br>DANIEL P. EDDY."

*D. E. Nicholson* and *C. C. Dewey*, for the defendant.

*E. & H. Edgerton* and *Daniel Roberts*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, C. J.　This was an action of ejectment brought to recover a strip or piece of land that lies upon or adjoining the line that divides the farms that are owned and occupied by the respective parties to this suit.

Upon the trial in the county court the jury found that prior to March 28, 1850, Silas W. Hodges, the plaintiff's grantor, had been in the actual adverse possession and occupation of the land in dispute for more than fifteen years, so that he had thereby acquired a title thereto, and become the owner thereof.

The title to the premises in question acquired by Silas W. Hodges by fifteen years adverse possession, prior to the 28th March, 1850, is as perfect for all purposes as though derived by deed from the original proprietor. This being so, no verbal transfer, surrender or declaration of said Silas W. could have any effect upon his title ; that could be conveyed by him only by deed executed according to the requirements of our statutes. These principles were expressly recognized in *Austin* v. *Bailey,* 37 Vt., 219 ; *Tracy* v. *Atherton,* 36 Vt., 503, and are too well settled in this state to require argument or further authority.

But it is insisted by the defendant, that what transpired between Silas W. and the defendant and his grantor on the said 28th of March, should operate to estop the said Silas W. and his grantee (the plaintiff) from setting up such title against the defendant.

It appears from the case that when the defendant and his grantor signed the writing on that occasion, they had not acquired a right of way across said Hodges' land, and it does not appear that at that time, or at any other, they even *claimed* a right to pass over it, so that in signing the paper they neither surrendered a right or abandoned a claim of right. If they had refused, the said Silas W. had only to close the way against them to accomplish his purpose. This would have subjected the defendant to an inconvenience that he avoided by signing the paper. So far as his signing the paper had any effect, it operated in favor of the

defendant, by giving the right to cross the plaintiff's farm during the pleasure of said Silas W. Indeed it is difficult to discover anything that has resulted to the prejudice of the defendant in consequence of his signing that paper, that would have rendered it inequitable to allow Silas W. thereafter to assert his title to the premises in question. But even if it was otherwise, could it under the circumstances of this case have the effect to estop the present plaintiff from asserting his title ? It appears that after the said 28th of March, the said Silas W. remained in the possession and occupation of the premises in dispute, just as he had before been, until the time when he sold and conveyed his farm, including this land, to the plaintiff. The plaintiff then took the possession of the land and continued in possession until 1862, some twelve years after the said paper was signed, the defendant never having entered upon the premises, or done any act in respect to them. The plaintiff took his deed from Silas W., he being in possession, without knowledge of what had transpired between Silas W. and the defendant, and without anything to put him on inquiry. If the defendant had entered into the possession of the premises, and made improvements thereon, before the plaintiff took his deed and had then been in possession, such possession would have been sufficient to put the plaintiff on inquiry, and affect him with notice of what he might have learned upon such inquiry, but he did nothing of the kind; he suffered the premises to remain in the same position after the agreement as before. If the plaintiff is estopped it is by reason of what Silas W. said to the defendant, of which he had no knowledge either actual or constructive. Suppose Silas W. had upon that occasion agreed for sufficient consideration to sell the premises in question to the defendant, and had actually executed to him a deed thereof in due form conveying the title, but retaining the possession, and the defendant had neglected to put his deed on record until after the plaintiff had acquired his title, in such a case no one would question the plaintiff's right to recover. Notwithstanding the deed of Silas W. would be conclusive as against him, it would be of no effect as against the plaintiff. To maintain the defendant's claim in this case we are required to give greater force and effect to the

naked declarations of Silas W., made without consideration, in fact, that he would not assert his title, than we could give to his deed actually conveying his title for a sufficient consideration to the defendant. This we can not do. We think therefore the defendant was not entitled to the charge requested, and for the reasons already stated we find no error in the charge as given.

So far as the testimony referred to had a bearing upon the character of the said Silas W. Hodges' adverse possession prior to the 28th of March, the court gave the defendant the full benefit of it in their charge to the jury.

Judgment of the county court is affirmed.